SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED
MAY 22 2024
Nathan Ochsner, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NUMBER |
| | § | |
| JENNIFER MAYO | § | C 24 - 248 |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

(Smuggling merchandise into the United States contrary to law)

LEGAL FRAMEWORK

At all times relevant to this Indictment:

1. Title 19, United States Code, Section 1484 required an individual or agent to complete an entry by filing with the Customs Service the declared value, classification and rate of duty applicable to merchandise, and such other documentation, or pursuant to an electronic data interchange system, such other information as is necessary to enable the Customs Service to (i) properly assess duties on the merchandise, (ii) collect accurate statistics with respect to the merchandise, and (iii) determine whether any other applicable requirement of law (other than a requirement relating to release from customs custody) is met.

2. Title 9, Code of Federal Regulations, Part 93.200, defined "Poultry" as chickens, doves, ducks, geese, grouse, guinea fowl, partridges, pea fowl, pheasants, pigeons, quail, swans, and turkey (including eggs for hatching).

3. A "Quarantine facility," was defined as a USDA facility, or a private facility approved by the Animal and Plant Health Inspection Service ("APHIS"), for the secure

housing of imported birds, poultry, or other animals for specified periods.

4. Title 9, Code of Federal Regulations, Part 93.201, stated that no poultry or product subject to the provisions of this part shall be brought into the United States except in accordance with the regulations in this Part and Part 94; nor shall any such poultry or product be handled or moved after physical entry into the United States before final release from quarantine or any other form of governmental detention except in compliance with such regulations.

5. Further, said Part 93.201 provided that no live poultry or hatching eggs shall be imported into the United States if the poultry have originated from a region referenced in Section 94.6(a) where highly pathogenic avian influenza ("HPAI") or Newcastle disease is known to exist in commercial poultry populations, have transited highly pathogenic avian influenza- or Newcastle disease-affected regions, or have been vaccinated for the H5 or H7 subtype of avian influenza.

6. Title 9, Code of Federal Regulations, Part 94.6(a)(1)(i), referenced the APHIS maintained list of free regions on the APHIS website.

7. The APHIS website contained a list of regions in which HPAI is considered to exist pursuant to Title 9, Code of Federal Regulations, Part 94.6(a)(2).

8. The APHIS website listed both Cambodia and Vietnam under the "Affected" regions pursuant to Title 9, Code of Federal Regulations, Part 94.6(a)(2).

9. Furthermore, the APHIS website did not list Cambodia or Vietnam as free of Newcastle disease pursuant to Title 9, Code of Federal Regulations, Part 94.6(a)(1).

10. Title 18, United States Code, Section 545, made it unlawful to fraudulently or knowingly import or bring into the United States, any merchandise contrary to law, or receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought

into the United States contrary to law.

11. Beginning on or about August 1, 2023, through on or about September 15, 2023, within the Corpus Christi Division of the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendant,

JENNIFER MAYO,

did knowingly import and bring into the United States merchandise, to wit: Dong Tao Chicken eggs, contrary to law, in that the Dong Tao chicken eggs were taken and retained in violation of Title 19, United States Code, Section 1484; Title 9, Code of Federal Regulations, Part 93 Subpart B; and Title 9, Code of Federal Regulations, Part 94.6,

All in violation of Title 18 United States Code, Section 545.

### COUNT TWO

(Illegal importation and transfer of merchandise)

12. Paragraphs one through eleven of this Indictment are re-alleged and incorporated by reference as if set forth in their entirety.

13. Beginning on or about August 1, 2023, through on or about October 15, 2023, within the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

JENNIFER MAYO,

did knowingly facilitate the transportation and concealment of merchandise imported contrary to law, to wit: Dong Tao chicken eggs and hatchlings, then knowing that said merchandise had been imported and brought into United States contrary to law, in that said eggs and hatchlings were retained and concealed in violation of Title 19, United States Code, Section 1484; Title 9, Code of Federal Regulations, Part 93, Subpart B; and Title 9 Code of Federal Regulations, Part 94.6,

All in violation of Title 18 United States Code, Section 545.

## NOTICE OF CRIMINAL FORFEITURE
[18 U.S.C. §§ 545; 982(a)(2)(B)]

1. The allegations contained in Count One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B).

2. Pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B), upon conviction of the offense alleged in Count One and Two, the defendant,

JENNIFER MAYO,

shall forfeit to the United States any merchandised introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof, and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense of conviction. To wit:

a) Any Dong Tao chickens and eggs from Dong Tao chickens.

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: LIESEL ROSCHER
Assistant United States Attorney